IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN D. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 05-275-JPG |
| | ) | |
| STEVE McKILLUP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, formerly an inmate in the Clark County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In this action, Plaintiff alleges that in September 2004, he began kicking the door of the jail dorm in an attempt to get somebody to bring him an updated book of Illinois statutes. Instead of bringing him the book, Defendant McKillup and an unknown guard placed him in handcuffs, took him to a restraint chair, and bound him there with nylon webbing from 9:30 PM until 4:00 AM the next day. During that time, he was not allowed to use the bathroom, nor did any medical personnel examine him. He claims that this treatment was unjustified, and that it caused injury to his shoulders and back.

To state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a

legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991). However,

> a pretrial detainee can be punished for misconduct that occurs while he is awaiting trial in a pretrial confinement status. Notably, the basis for this punishment is not the underlying crime of which he stands accused; rather, this punishment is based upon the detainee's actions while in pretrial confinement.

*Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir. 1999). The Seventh Circuit has also recognized that, for pretrial detainees, procedural protections are required prior to the imposition of any punishment. *Rapier*, 172 F.3d at 1005; *Whitford v. Boglino*, 63 F.3d 527, 531 n. 4 (7th Cir. 1995) (indicating in dictum that a due process hearing is required). *See generally Wolff v. McDonnell*, 418 U.S. 539 (1974). From the allegations in the complaint, it does not appear that any procedural protections were afforded before Plaintiff was bound to the restraint chair over night.

Accordingly, the Court is unable to dismiss any portion of the complaint at this point in the litigation. *See* 28 U.S.C. § 1915A.

### DISPOSITION

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **McKILLUP, HAMMOND** and **PARSLEY**. The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **McKILLUP, HAMMOND** and **PARSLEY** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For

purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.  Service shall not be made on the Unknown Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Clark County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional

copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: January 22, 2007.**

                                              **s/ J. Phil Gilbert**
                                              **U. S. District Judge**