IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN D. BROWN,                )
                              )
    Plaintiff,                )
                              )
    v.                        )   Case No. 3:05-cv-275 JPG
                              )
STEVE McKILLUP, et al.,       )
                              )
    Defendants.               )

**REPORT AND RECOMMENDATIONS**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss for Lack of Prosecution filed by Defendants Steve McKillup, John Hammond, and Jerry Parsley on June 19, 2008 (Doc. 16). For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED**, that the action be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law:

FINDINGS OF FACT

Plaintiff originally filed this action on April 18, 2005, alleging that Defendants deprived him of his constitutional rights, in violation of 42 U.S.C. § 1983, by unjustifiably placing him in a restraint chair while he was a detainee in the Clark County Jail (Doc. 1).

On January 22, 2007, The District Court conducted its threshold review of the action pursuant to 28 U.S.C. § 1915A, found that Plaintiff stated a claim, and referred the matter to the undersigned for pretrial proceedings (Doc. 5). In the referring order Plaintiff was informed that he "is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts." Plaintiff was further informed that notification of any change "shall be done

in writing and not later than seven (7) days after a transfer or other change in address occurs" (Doc. 5 at 4).[1]

Defendants answered the complaint on November 19, 2007 (Doc. 15). On June 19, 2008, Defendants filed the instant motion to dismiss for lack of prosecution (Doc. 16). In support of their motion, Defendants state that on March 13, 2008, they served interrogatories and requests for production on Plaintiff by mailing them to Plaintiff's address (listed in the docket) at Taylorville Correctional Center in Marshall, Illinois (Doc. 16, ¶ 4; Doc. 16, Exhs. A & B). The envelope was returned, undelivered, stamped with the indicia, "No one with this name/number" (Doc. 16, Exh. C). Defendants state the Plaintiff never responded to their interrogatories or requests for production (Doc. 16, ¶ 5). Defendants further state, "Counsel for defendants have confirmed that plaintiff no longer is in the custody of the Illinois Department of Corrections" (Doc. 16, ¶ 6).

On June 23, 2008, the Court issued a scheduling order in the action (Doc. 17). This document was returned as undeliverable with the notation, "No one with this name/number" (Doc. 19). On July 16, 2008, the Court entered an order giving Plaintiff explicit warning that his failure to respond to the Motion to Dismiss in a timely manner "will result in the dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b)" (Doc. 18). Plaintiff was informed that the deadline to respond was July 22, 2008. This order was also returned to the Court, undelivered, again with the notation, "No one with this name/number" (Doc. 20). The Court notes that it has received no correspondence from the Plaintiff since he filed the complaint in April 2005.[2]

---

[1] The threshold order (Doc. 5) was sent to Plaintiff on January 25, 2007. It was not returned. The Court assumes, therefore, that Plaintiff received that order.

[2] October 30, 2007, the Court entered an order granting Defendants' motion for an extension of time to answer the complaint (Doc. 12). This order was sent to the Plaintiff and was

CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 41(b) provides that, upon motion, a court may dismiss an action for failure to prosecute and for failure to comply with court orders. The Seventh Circuit has recognized a district court's "inherent authority" to dismiss an action for want of prosecution as an aspect of the court's power to control its docket "to achieve the orderly and expeditious disposition of cases." Matter of Bluestein & Co., 68 F.3d 1022, 1025 (7th Cir. 1995) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)); see also Daniels v. Brennan, 887 F.2d 783, 785 (7th Cir. 1989). Dismissal pursuant to Rule 41(b) is limited, however, to cases where "there is a clear record of delay or contumacious behavior." Daniels, 887 F.2d at 785 (quoting 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 339 (7th Cir. 1987)).

Plaintiff here was initially notified of his obligation to keep the Court informed of any changes to his address in January 2007. Defendants' interrogatories and requests for production were returned as undeliverable in March 2008. The Court's scheduling order sent to Plaintiff on June 23, 2008, and the notice and order informing Plaintiff that his case would be dismissed for lack of prosecution if he did not respond sent on July 16, 2008, were returned as undeliverable. Each of these mailings was returned to sender with the indicia, "No one with this name/number." Furthermore, Plaintiff has not directed any correspondence to the Court in over three years, since the filing of the complaint in April 2005. Defendants state that Plaintiff is no longer incarcerated with the Illinois Department of Corrections. Finally, Plaintiff did not respond to the Court's specific warning that his case was in jeopardy of dismissal. He has, therefore, offered no excuse for the failure to prosecute the action.

---

not returned. The Court assumes, therefore, that Plaintiff received that order.

Based on these facts, the Court finds that Plaintiff has failed to timely prosecute this matter. Plaintiff did not meet the court-ordered obligation to inform the Court within seven days of any change of address, nor did he respond to the explicit warning that his failure to so respond would result in dismissal of the case. The Court concludes, therefore, that Plaintiff has abandoned this lawsuit. Accordingly, the undersigned recommends that Defendants' Motion to Dismiss for Lack of Prosecution be **GRANTED**.

## CONCLUSION

Therefore, for the reasons set forth above it is **RECOMMENDED** that the Motion to Dismiss for Failure to Prosecute (Doc. 16) be **GRANTED**, that this action be **DISMISSED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**IT IS SO ORDERED.**

**DATED: July 29, 2008**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**